IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| WHITE EAGLE-PAYNE,<br><br>   Plaintiff,<br>vs.<br><br>Bemer, et al.,<br><br>   Defendants. | CV-16-102-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I.  SYNOPSIS

Plaintiff, Margaret White Eagle-Payne, filed this action alleging various causes of action against Defendants including breach of the United States' trust obligations to Tribal Members, Treaty Violations, Civil Rights, Fraud, Infliction of Emotional Distress, Quite Title, Slander of Title and Declaratory Relief. (Doc. 1 at 3-4.) Defendant Ralph Patch filed a Motion to Dismiss arguing that (1) the Court lacks subject matter jurisdiction over the claim against him; (2) Ms. White Eagle-Payne fails to state a claim for which relief may be granted against him, and (3) the Court should abstain from deciding this matter. (Doc. 9 at 1.)

The Court finds that it lacks subject matter jurisdiction over Ms. White Eagle-Payne's claims against Mr. Patch and that Ms. White Eagle-Payne fails to state a claim against Mr. Patch upon which relief may be granted. The Court also finds that if it does have subject matter jurisdiction over the claim and Ms. White Eagle-Payne does state a claim against Mr. Patch upon which relief may be granted, the doctrine of abstention would not prevent the Court from adjudicating the claim because Ms. White Eagle-Payne's claim against Mr. Patch for legal malpractice here is distinct from her claim in tribal court that the beneficiary deed he drafted was invalid. Thus, the Court recommends that the district court grant Mr. Patch's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. If, however, the district court determines that it has subject matter jurisdiction over Ms. White Eagle-Payne's claim against Mr. Patch and Ms. White Eagle-Payne has stated a claim against Mr. Patch upon which relief may be granted, the Court recommends Mr. Patch's motion be denied as the doctrine of abstention does not apply.

## II.  JURISDICTION

Ms. White Eagle-Payne filed this action in the Great Falls Division of the District of Montana.  (Doc. 1) She alleges the Court has federal question and supplemental jurisdiction over this matter. (*Id.* at 19) The Court has personal jurisdiction over the parties, all of whom are "found" in Montana.  Fed. R. Civ. P.

4(k)(1)(A); Mont. R. Civ. P. 4(b). Venue is proper as the defendants reside in Fort Peck, Montana. Local Rule 3.2(b). The case was assigned to United States District Judge Brian Morris and referred to the undersigned under Local Rule 72.2(a)(1).

### III. ALLEGATIONS IN COMPLAINT

Ms. White Eagle-Payne is the personal representative of her mother, Annabelle's, estate. (Doc. 9 at 2) Following her mother's death, Ms. White Eagle-Payne commenced probate proceedings in the Fort Peck Tribal Court in Poplar, Montana. (*Id.*) During the proceedings, an issue arose concerning ownership of a home located on land leased from the Fort Peck Tribes. (*Id.*) Annabelle's will left the home to Margaret. (*Id.*) Yet, Annabelle conveyed the home to her grandson Richard White-Eagle via a beneficiary deed that Mr. Patch drafted on April 17, 2003. (*Id.*) Annabelle allegedly was a severe alcoholic and not competent to sign a deed of conveyance. (*Id.* 3) Yet, Georgianna Fish, who drove Annabelle to Mr. Patch's office on the day he drafted the deed, signed an affidavit stating that Annabelle had not been drinking prior to this trip. (*Id.*) Richard recorded the deed on July 31, 2014. (*Id.*) The Tribal Court determined that the home belonged to Richard and was not part of Annabelle's estate. (*Id.*)

### IV. ANALYSIS

The Court agrees that it lacks subject matter jurisdiction over Ms. White Eagle-Payne's claim against Mr. Patch and that Ms. White Eagle-Payne failed to

state a claim against Mr. Patch upon which relief may be granted. If, however, the Court had subject matter jurisdiction over the action and Ms. White Eagle-Payne's complaint stated a claim against Mr. Patch upon which relief may be granted, the Court finds that the doctrine of abstention would not prevent the Court from adjudicating the claims asserted.

### 1. Subject Matter Jurisdiction

Federal courts have limited subject matter jurisdiction. A federal court has subject matter jurisdiction over a claim only if it has original jurisdiction over the claim, there is complete diversity of the parties to the action and the amount in controversy exceeds $75,000, or if the Court has supplemental jurisdiction over the claim. 28 U.S.C. §§ 1331, 1332, 1367. Federal courts have original jurisdiction over civil actions that raise a federal question–meaning the claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal courts have supplemental jurisdiction over any claims that are so related to an action that the court has original jurisdiction over that they form part of the same case or controversy. 28 U.S.C § 1367(a). In order for a court to exercise supplemental jurisdiction, the claims must contain "a common nucleus of operative fact . . ." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (citing *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991)).

Here, Ms. White Eagle-Payne's claim against Mr. Patch involves his

drafting of a beneficiary deed for her mother. The claims giving rise to original jurisdiction involve the actions of the Fort Peck Tribal Court. Ms. White Eagle-Payne's claims against Mr. Patch and her claims against the tribal defendants do not share a common nucleus of operative fact as required for the Court to exercise supplemental jurisdiction. Whether Mr. Patch committed legal malpractice in drafting the deed for Ms. White Eagle-Payne's mother involves completely different questions of fact, evidence, and witnesses than those needed to decide whether the actions of Fort Peck Tribal Court violated Ms. White Eagle-Payne's civil rights or violated a treaty of the United States. Thus, the Court finds that it does not have supplemental jurisdiction over Ms. White Eagle-Payne's claim against Mr. Patch and recommends that the district court grant Mr. Patch's motion to dismiss the claim against him.

2. **Motion to dismiss under Rule 12(b)(6)**

Fed.R.Civ.P. 12(b)(6) allows a party to move for dismissal when the allegations of a pleading do not state a claim upon which relief can be granted. A pleading fails to state a claim upon which relief may be granted when it depends on a legal theory that is not cognizable as a matter of law, or when it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir.1996). If the applicable statute of limitations bars a claim, dismissal under Rule 12(b)(6) is

appropriate. *See Sternhagen v. Dow Co.*, 711 F. Supp. 1027 (D. Mont. 1989). To survive a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If, however, the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir.2008). Where, as here, a plaintiff is proceeding pro se, the court should construe the pleadings liberally. *See Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.1988). As a general rule, "a court may not consider material beyond the complaint in ruling on Fed.R.Civ.P. 12(b)(6) motion." *Intri–Plex Technologies v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir.2007).

    Here, Ms. White Eagle-Payne alleges in her Complaint that Mr. Patch committed legal malpractice when he drafted beneficiary deed for her mother in April 2003. (Doc. 9 at 2)  Ms. White Eagle-Payne filed her complaint more than 13 years later on September 12, 2016. (Doc. 1) Under Montana law, a plaintiff must bring a claim for legal malpractice  within three years of learning of the act or

omission giving rise to the claim, but under no circumstances may a plaintiff bring an action for legal malpractice more than ten years after the date of the act or omission. Mont. Code Ann. § 27–2–206. Thus, the Court finds that the statute of limitations bars Ms. White Eagle-Payne's legal malpractice claim against Mr. Patch and therefore recommends that the district court grant Mr. Patch's Motion to Dismiss.

### 3. The Doctrine of Abstention

Mr. Patch argues that the Court should dismiss Ms. White Eagle-Payne's claim against him under the doctrine of abstention because the Fort Peck Tribal Court determined that the beneficiary deed he drafted for Annabelle White Eagle was valid. (Doc. 9 at 7) Yet, Ms. White Eagle-Payne's claim against Mr. Patch in this case does not involve whether the deed he drafted for her mother was valid but instead concerns whether Mr. Patch committed legal malpractice when drafting the deed. (Doc. 1 at 3–4) Occasionally federal courts abstain from deciding a case identical to one pending in another court system, *See Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), or allow the decision of another court to stand under the principles of comity. *See In re Marriage of Limpy*, 195 Mont. 314, 318–319 (1981). Here, Ms. White Eagle-Payne has neither filed an identical claim for legal malpractice against Mr. Patch in another court system nor has another court issued a decision as to whether Mr. Patch committed

legal malpractice in drafting the deed for Annabelle. Thus, the Court finds that the doctrine of abstention or the principle of comity would not prevent the district court from deciding this claim. The Court recommends that the district court deny Mr. Patch's motion to dismiss if it determines that it has jurisdiction over the claim and Ms. White Eagle-Payne has stated a cause of action for which relief may be granted.

For the reasons mentioned above, the Court issues the following findings and recommendations:

The Court finds:

1. The Court does not have jurisdiction over Ms. White Eagle-Payne's claim against Mr. Patch.

2. Ms. White Eagle-Payne's complaint fails to state a claim upon which relief may be granted against Mr. Patch.

3. The doctrine of abstention would not prevent the district court from deciding this matter.

The Court recommends that the district court:

1. Grant Mr. Patch's motion to dismiss for lack of subject matter jurisdiction;

2. Grant Mr. Patch's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if it determines that it has subject matter jurisdiction over the claim;

3. Deny Mr. Patch's motion to dismiss under the doctrine of abstention if it finds that it has subject matter jurisdiction over the claim and that Ms. White Eagle-Payne's complaint states a

claim against Mr. Patch for which relief may be granted.

DATED this 26th day of July 2017.

John Johnston
United States Magistrate Judge