# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MARGARET WHITE EAGLE-PAYNE on behalf of herself and as personal representative and beneficiary of the Estate of Annabelle White Eagle,<br><br>Plaintiff,<br>vs.<br><br>HOWARD BEMER et al.,<br><br>Defendants. | CV-16-102-GF-BMM<br><br>**ORDER** |

Plaintiff Margaret White Eagle-Payne (White Eagle-Payne), filed a Complaint *pro se* on September 12, 2016. White Eagle-Payne seeks to overturn a decision made by the Fort Peck Tribal Court in a probate matter. The Complaint asserts claims against the Defendants for breach of the United States's trust obligations to tribal members, treaty violations, civil rights violations, fraud, infliction of emotional distress, quiet title, slander of title, and legal malpractice. (Doc. 1 at 3-4).

White Eagle-Payne was the personal representative of her mother Annabelle White-Eagle's estate. White Eagle-Payne commenced probate proceedings in Fort Peck Tribal Court in 2015. An issue arose during the probate proceeding concerning the ownership of a home located on the Fort Peck Indian Reservation.

Annabelle's will, dated April 26, 2013, stated that White Eagle-Payne was to receive the home. Annabelle had executed a Deed of Conveyance on April 17, 2003, however, that purported to the convey the home to her grandson Richard White Eagle. (Doc. 9-2). The Fort Peck Tribal Court determined that the home belonged to Richard. The Peck Tribal Court of Appeals affirmed the Tribal Court's decision. (Doc. 9-1 at 4).

The primary focus of White Eagle-Payne's Complaint are the actions of the Fort Peck Tribal Court. White Eagle-Payne alleges that the Tribal Court denied her an opportunity to challenge the validity of the beneficiary deed in the probate proceeding. White Eagle-Payne alleges that actions of the Fort Peck Tribal Court violated rights she possessed under federal law. White Eagle-Payne invokes this Court's federal question jurisdiction with respect to her federal law claims.

White Eagle-Payne has asserted a legal malpractice claim against Defendant Ralph Patch (Patch) based upon the Deed of Conveyance executed in 2003. Patch was the lawyer who drafted the deed. The malpractice claim is grounded in state law. White Eagle-Payne alleges that this Court has supplemental jurisdiction over her malpractice claim against Patch. Patch has moved to dismiss the claim against him for lack of subject matter jurisdiction, and for failure to state a claim upon which relief may be granted.

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on July 26, 2017. (Doc. 17). Judge Johnston recommended that this Court grant Patch's motion to dismiss. (Doc. 17 at 8). White Eagle-Payne did not file objections to Judge Johnston's Findings and Recommendations.

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

The Court agrees with Judge Johnston that supplemental jurisdiction does not exist over White Eagle-Payne's malpractice claim against Patch. The Court may assert supplemental jurisdiction over a state law claim only if the state law claim arises out of the "same case or controversy" as the federal claims over which the Court has original jurisdiction. 28 U.S.C. § 1367. "A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tied together." *Bahrampour v. R.O. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). Here, White Eagle-Payne's malpractice claim against Patch does not share a common nucleus of operative facts with the federal claims brought against the other Defendants. The

factual allegations pertinent to the malpractice claim are wholly independent of the factual allegations pertinent to federal claims against the other Defendants. The malpractice claim is based on Patch's drafting of a deed for Annabelle in 2003. The federal claims are based on the probate proceeding that occurred in Fort Peck Tribal Court in 2015.

Accordingly, IT IS ORDERED:

1. Defendant Patch's Motion to Dismiss (Doc. 9) is GRANTED.

2. Plaintiff's claim against Defendant Patch is DISMISSED for lack of subject matter jurisdiction.

DATED this 17th day of October, 2017.

Brian Morris
United States District Court Judge